UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-457-F

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY,<br>Plaintiff,<br><br>v.<br><br>OLD STAGE PARTNERS, LLC<br>c/o SEDONA DEVELOPMENT, LLC,<br>and<br>TRINITY BUILDERS, LLC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    O R D E R |

This matter is before the court on the Motion for Default Judgment [DE-17] filed by Plaintiff Norfolk Southern Railway Company.

## I. PROCEDURAL HISTORY

Plaintiff filed the Complaint on November 15, 2007, asserting a claim for breach of contract against Defendant Old Stage Partners, LLC c/o Sedona Development LLC ("Old Stage"), a *quantum meruit* claim against Defendant Trinity Builders, LLC ("Trinity Builders"), and declaratory judgment against both defendants. Plaintiff filed a "Proof of Service", purporting to show that both defendants were served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by personal delivery to agents of defendants. *See* Proof of Service [DE-5]. Neither defendant filed responsive pleadings to the Complaint, and the Clerk of Court for the Eastern District of North Carolina entered entries of default against Defendants on April 28, 2008. *See* Entry of Default [DE-13]; Entry of Default [DE-14]. After four months passed after the Entries of Default, the court ordered Plaintiff

to show cause why this action should not be dismissed for failure to reduce the matter to judgment. Plaintiff responded by filing the instant Motion for Default Judgment.

## II. DEFAULT JUDGMENT

A motion for entry of default judgment raises three issues for this court: First, is entry of default judgment appropriate under Rule 55? Second, has Plaintiff adequately stated its claims such that the court may enter default judgment thereon? Third, to what relief is Plaintiff entitled? In this case, outstanding questions surrounding the first issue prevent the court from allowing Plaintiff's Motion for Default Judgment. Specifically, Plaintiff's filings regarding proof of service do not establish that this court has personal jurisdiction over Defendant Trinity Builders, LLC.

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (1998)(noting that "any judgment entered against a defendant over whom the court does not have personal jurisdiction is void"). Under Federal Rule of Civil Procedure 4(h), proper service upon an organizational defendant is effected by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made, or by delivering a copy of the summons and of the complaint, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(h)(1).

In support of its Motion for Entry of Default [DE-9], Plaintiff attached a "Proof of Service" document, and the affidavit of Jasman Walson. In the Proof of Service document, Plaintiff asserts that on February 27, 2008, it

2

> accomplished service of process on Trinity Builders, LLC by hand-delivery to Sylvia Straus at 2005 North Point Dr. Suite 9, Durham North Carolina, that company's principal place of business. At the time of delivery, Sylvia Straus was, by all appearances, the present and responsible agent of Trinity Builders, LLC for the purposes of receiving service of process.

Motion for Entry of Default [DE-9], Ex. B, Proof of Service. The Proof of Service then directs attention to the attached affidavit of Jasman Walsman.

According to the affidavit, Walsman is a courier for the law firm representing Plaintiff. Walsman avers the following:

> 9. On February 27, 2008 I attempted service by hand delivery to Trinity Builders, LLC at 1921-C North Pointe Drive, Durham, North Carolina, which is their [sic] primary place of business as listed on the North Carolina Secretary of State's website.
> . . .
> 11. I inquired to the residents of 1921-C North Pointe Drive where Trinity Builders LLC main offices were located and was directed to the nearby location of 2005 North Pointe Dr. Suite 9, Durham, North Carolina.
> 12. Sylvia Straus was apparently in charge of the office when I arrived to provide service on behalf of Trinity Builders at 2005 North Pointe Drive, Suite 9, Durham, North Carolina.
> 13. Sylvia Straus informed me that Hilton O. Chesson, Jr., the registered agent for Trinity Builders as of February 27, 2008, was on vacation and would not be able to accept personal service of these matters.
> 14. Sylvia Straus thereafter accepted service on behalf of Trinity Builders at 2005 North Pointe Dr., Suite 9, Durham, North Carolina, by hand delivery to that company's place of business.

Motion for Entry of Default [DE-9], Ex. B, Affidavit of Walsman.

From the face of Walsman's affidavit, it is apparent that Plaintiff did not effect service in accordance with the second half of Federal Rule 4(h)(1), which provides that a party may deliver a copy of the summons and of the complaint, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. There is no proof that Sylvia Straus was an officer, a managing or general agent, or authorized by appointment or by law

3

to received service of process. Thus, Plaintiff effected proper service only if it complied with North Carolina law.

Under North Carolina law, Plaintiff could effect proper service on Trinity Builders by:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, delivery receipt includes an electronic or facsimile receipt.

N.C. R. Civ. P. 4(j)(6). Plaintiff did not mail a copy of the summons and complaint, nor did it use a designated delivery service, so service was proper only if it was effected in accordance with Rule 4(j)(6)(a) or (b).

Walsman delivered a copy of the summons and complaint to Sylvia Straus. As the court already has noted, there is no indication that Straus is an officer, director, or managing agent of the Trinity Builders, nor is there any indication that she is an agent that falls within Rule 4(j)(6)(b). Plaintiff appears to be relying upon Rule 4(j)(6)(a), and asserting that Straus was in charge of the office of an officer, director, or managing agent of Trinity Builders. This may be the case, but Plaintiff has not provided sufficient evidence on the record to establish that the office in which Straus was apparently in charge was the office of an officer, director, or managing agent of Trinity Builders.

4

Walsman first went to address listed both as the principal office address for Trinity Builders, and the address for Trinity's registered agent. Walsman then asked the residents of that address where to find Trinity Builders–it is not so stated, but one can infer that Walsman did not, in fact, find the office of Trinity Builders or the registered agent at the address. The residents of that address are not identified, but the affidavit states the residents directed Walsman to another address. It is not clear whether the second address was the new principal office address of Trinity Builders; or of the registered agent; both, or neither. If the new address was that of the registered agent, then service was not effective, because Plaintiff could not just leave the papers with Straus, who was "apparently in charge" of the office. Even if the new address was the new principal office address, is not clear whether it was in fact the office of any officer, director, or managing agent of Trinity Builders. No such persons are named in the affidavit or proof of service. If the new address did not serve as the office of an officer, director, or managing agent of Trinity Builders, then the service was not effective.

It is Plaintiff's burden to show proper service was effected upon Trinity Builders. Without proper service being established, this court cannot allow the Motion for Default Judgment. Moreover, because Plaintiff seeks relief against Trinity Builders and Old Stage jointly and severally, and in the interest of not rendering inconsistent judgments, this court will not consider the Motion for Default Judgment separately as to Old Stage. *See, e.g., Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872).

Accordingly, Plaintiff's Motion for Default Judgment [DE-17] is DENIED without prejudice to renew, provided that Plaintiff can demonstrate proper service upon Defendant Trinity Builders.

SO ORDERED. This the 11th day of December, 2008.

JAMES C. FOX
Senior United States District Judge

6