UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-457-F

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| OLD STAGE PARTNERS, LLC ) | |
| c/o SEDONA DEVELOPMENT, LLC, ) | |
| and ) | |
| TRINITY BUILDERS, LLC, ) | |
| Defendants. ) | |

This matter is before the court on the Motion for Default Judgment [DE-29] filed by Plaintiff Norfolk Southern Railway Company.

## I. PROCEDURAL HISTORY

Plaintiff filed the Complaint on November 15, 2007, asserting a claim for breach of contract against Defendant Old Stage Partners, LLC c/o Sedona Development LLC ("Old Stage"), a *quantum meruit* claim against Defendant Trinity Builders, LLC ("Trinity Builders"), and declaratory judgment against both Defendants. Plaintiff filed a "Proof of Service", purporting to show that both Defendants were served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by personal delivery to agents of Defendants. *See* Proof of Service [DE-5]. Neither Defendant filed responsive pleadings to the Complaint, and the Clerk of Court for the Eastern District of North Carolina entered entries of default against Defendants on April 28, 2008. *See* Entry of Default [DE-13]; Entry of Default [DE-14]. After four months passed after the Entries of Default, the court

ordered Plaintiff to show cause why this action should not be dismissed for failure to reduce the matter to judgment. Plaintiff responded by filing the a Motion for Default Judgment [DE-17].

The court denied the Motion for Default Judgment [DE-17] without prejudice because Plaintiff failed to prove it had effected proper service on Defendant Trinity Builders. Because Plaintiff sought relief against both Defendants jointly and severally, the court refused to consider the Motion for Default Judgment separately as to Defendant Old Stage. December 12, 2008 Order [DE-20].

Plaintiff then sought additional time to effect service on Trinity Builders, which was allowed, and Plaintiff accomplished service of process on Trinity Builders through the North Carolina Secretary of State on January 23, 2009. Proof of Service [DE-25]. The Clerk of Court made an entry of default as to Trinity Builders on February 23, 2009 [DE-28]. Thereafter, Plaintiff again filed a Motion for Default Judgment [DE-29].

## II. DEFAULT JUDGMENT

### A. Default Judgment

This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Service on Defendants was obtained in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Clerk of Court having filed entries of default on April 28, 2008, and February 27, 2009, the court concludes that the procedural requirements for entry of default judgment have been met.

### B. Relief

Plaintiff seeks damages in the amount of $161,815.23, along with costs. The Complaint contains a cause of action for breach of contract against Old Stage and a cause of action for *quantum*

*meruit* against Trinity. Upon default, the facts alleged in the Complaint are deemed admitted. *Ryans*, 253 F.3d at 780. The court, however, can determine whether the facts, as alleged, support a claim and the relief sought. *Id.* Based upon Plaintiffs' Complaint, the court finds the following facts:

On or about June 22, 2004, Plaintiff and defendant Old Stage entered into a written agreement in which Old Stage agreed to pay Plaintiff to relocate a private crossing, identified as AAR/DOT No. 904409D, in the Town of Garner, Wake County, North Carolina, and to upgrade the crossing for future use as a public crossing with automatic warning lights and other features. Compl. [DE-1] ¶ 7. The crossing is for an access road to a proposed residential subdivision that Old Stage began to develop, on land own by defendant Trinity. Compl [DE-1] ¶ 9. Plaintiff completed the work required under the contract, including the relocation and improvement of the crossing, in January 2007. Compl. [DE-1] ¶¶ 10-11.

The agreement between Plaintiff and Old Stage provides that the Old Stage will make payments to Plaintiff upon bills rendered. Plaintiff has submitted bills to Old Stage requesting payment of a total $114,314.16, but Old Stage has paid only $4,998.93. Compl. [DE-1] ¶¶ 12-13. Additionally, under the agreement, Old Stage owes Plaintiff a payment of $52,500.00 for operation and maintenance of the property, which has not been paid. Compl. [DE-1] ¶¶ 16-17.

Moreover, Trinity has received a benefit from the construction of the crossing by Plaintiff, in that Trinity cannot obtain governmental approvals necessary to sell lots in the subdivision unless the crossing is constructed, in operation and accepted by the North Carolina Department of Transportation. Compl. [DE-1] ¶ 30. Having reviewed the well-pleaded allegations of fact in the

Complaint, the court finds that Plaintiff has established a sufficient basis in the pleadings for the relief sought.

Accordingly, it hereby is ORDERED that Plaintiff's Motion for Default Judgment [DE-29] is ALLOWED. The Clerk of Court is DIRECTED to enter default judgment against Defendants Old Stage Partners, LLC c/of Sedona Development, LLC and Trinity Builders, LLC, jointly and severally, in the amount of $161,815.23, along with costs.

SO ORDERED. This the 6th day of April, 2009.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge